UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

---

TIMOTHY HEATON, AYESHA SHAHEED, JOHN LATHAM, AARON LEIZEROVICI, DEVIN REILLY, JACK WEI LIN, KEITH KARAHA and CARIN ROSADO,

                Plaintiffs,

-against-

ERIC ADAMS, MAYOR OF THE CITY OF NEW YORK, in his official capacity; JAY VARMA, M.D., individually, and in an official capacity; MICHELE MORSE, MD, MPH, in her official capacity as Acting Health Commissioner and Chief Medical Officer of the NYC Department of Health and Mental Hygiene; NEW YORK CITY DEPARTMENT OF HEALTH & MENTAL HYGIENE; NEW YORK CITY BOARD OF HEALTH; ROBERT TUCKER, in his official capacity as NYC FIRE COMMISSIONER; and THE CITY OF NEW YORK, and DOES 1 - 100,

                Defendants.

**ORDER**

24-CV-09822 (JAV)

---

JEANNETTE A. VARGAS, United States District Judge:

      On April 11, 2025, Plaintiffs filed a Notice of Motion to Remand this action to the New York State Supreme Court upon amendment of the Complaint, which would remove all federal claims from the Amended Complaint. ECF No. 27. The Amended Complaint was filed on April 15, 2025. ECF No. 29. For the reasons set forth below, this matter is REMANDED to the New York State Supreme Court, Bronx County.

## BACKGROUND

      The following allegations are taken from the Amended Complaint. Plaintiffs are former employees of the New York City Fire Department (the "FDNY"). ECF No. 29 ("Am. Compl."), ¶ 62. During the COVID-19 pandemic, New York issued a vaccination mandate that applied to

all municipal employees. *Id.* ¶ 29. Based on their "sincere religious beliefs opposing vaccination," *id.* at 1, Plaintiffs refused to provide informed consent to the vaccination mandate and were subsequently terminated some time between February and August 2022, *id.* ¶¶ 19-28. Plaintiffs allege that they were not provided judicial hearings before their terminations. *Id.* They aver that, "along with approximately 1,780 other terminated employees," they have not been reinstated to their jobs despite the cancellation of the vaccination mandate in the wake of the public health crisis. *Id.* ¶ 31. Thus, Plaintiffs were allegedly forced to reapply at entry-level positions without back pay. *Id.* ¶ 32.

On December 18, 2024, Plaintiffs commenced this action in New York State Court, Bronx County. ECF No. 3 ("Compl."). In the original Complaint, Plaintiffs brought claims under 42 U.S.C. § 1983, for violations of the First, Ninth, and Fourteenth Amendments of the United States Constitution. *Id.* ¶¶ 113-25, 138-201. They further asserted claims under New York City Human Rights Law § 8-107(3) and New York State Human Rights Law § 296, *id.* ¶¶ 88-112, various provisions of the New York State Constitution, *id.* ¶¶ 138-164, and the "informed consent doctrine" under New York Public Health Law § 2805-d, *id.* ¶¶ 126-137, as well as a claim for breach of their public employment contracts, *id.* ¶¶ 202-08.

The next day, the action was removed to this Court. ECF No. 1. On March 12, 2025, the parties appeared before the Court for an initial pretrial conference. ECF No. 30 ("Tr."). During that conference, the Court issued an order denying Plaintiffs' motion to remand and denying the motion to sever the state law claims from the Complaint. *Id.* at 7:13-16.

On April 11, 2025, Plaintiffs renewed their motion to remand in light of their anticipated filing of an amended complaint, which would eliminate the federal questions and leave only the state law claims. ECF No. 27. On April 15, 2025, Plaintiffs filed that Amended Complaint, which

eliminated the claims arising under the federal constitution and left only the state law claims. ECF No. 29. On May 1, 2025, Defendants' counsel submitted a letter informing the Court that Defendants consented to remand of this matter to New York State Supreme Court as no federal questions remained. ECF No. 32.

## DISCUSSION

Pursuant to 28 U.S.C. § 1367, the district court may exercise supplemental jurisdiction "over all other claims that are so related to claims in the action within such original jurisdiction that they form part of the same case or controversy under Article III of the United States Constitution." "When a plaintiff amends her complaint following her suit's removal, a federal court's jurisdiction depends on what the new complaint says." *Royal Canin U.S.A., Inc. v. Wullschleger*, 604 U.S. 22, 30 (2025). While the court may exercise supplemental jurisdiction over the additional state-law claims that are sufficiently related to the federal claims, once all federal law claims are removed and only state-law claims remain, the court no longer retains supplemental jurisdiction. *Id.* at 25-26 ("When an amendment excises the federal-law claims that enabled removal, the federal court loses its supplemental jurisdiction over the related state-law claims."). Thus, when "[t]he operative pleading no longer supports federal jurisdiction, the federal court must remand the case to the state court where it started." *Id.* at 39.

Here, seeing that the Amended Complaint does not allege any claims arising under federal law, the Court cannot exercise supplemental jurisdiction over the remaining state law claims. Moreover, Defendants have indicated their consent to remand this matter, which is still in its early stages, rendering remand even more appropriate. *See Mensah v. World Truck Corp.*, 210 F. Supp. 2d 320, 321 (S.D.N.Y. 2002) (waiving untimeliness of the motion to remand due to both parties' consent to remand).

**CONCLUSION**

Accordingly, this action, Index No. 820809/2024E, is REMANDED to the New York State Supreme Court, Bronx County. The Clerk of the Court is respectfully directed to send a copy of this Order to the New York State Supreme Court, Bronx County and to close this action. All pending motions in this matter are hereby terminated.

Dated: New York, New York
       May 13, 2025

SO ORDERED:

_____
JEANNETTE A. VARGAS
United States District Judge